IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| MINDY L. CARTER, Plaintiff, v. CYNTHIA ALSTON, and IVAN MORTON, C&M INVESTMENTS, L.L.C. IM INVESTMENTS, L.L.C. Defendants. | Civil Action Number 3:05CV563 |

**<u>MEMORANDUM OPINION</u>**

THIS MATTER comes before the Court on Defendant Cynthia Alston and Defendants Ivan Morton, C&M Investments, LLC and IM Investments, LLC ("Morton Defendants") Motion to Dismiss Plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) and for failure to state a claim. For the following reasons, Defendants Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is hereby GRANTED.

I.

The following facts are asserted in Plaintiff's Complaint. Plaintiff, Mindy L. Carter asserts that she is the victim of predatory lending and that Defendants engaged in lending practices violating the Truth in Lending Act ("TILA") and the Home Owners Equity Protection Act ("HOEPA"). On or about July 28, 2003, Plaintiff executed a contract with Defendant Cynthia Alston. (Compl. ¶15). Plaintiff alleges Defendant Ivan Morton brokered the loan, and acted as Plaintiff's lawyer. (Compl. ¶ 16).

In said contract, Plaintiff agreed to allow Alston to place a second mortgage deed of trust against her residence for $24,000, plus interest, in exchange for lending the sum of $18,000. (Compl. Ex. B ¶ 1).  Alston agreed to execute a deed to the property to be recorded in the event of default. (Compl. Ex. B ¶ 4).  Plaintiff alleges the contract was a consumer credit transaction, subject to a finance charge. (Compl. ¶ 21).  The loan closing was conducted on July 28, 2003. (Compl. ¶ 2).

On March 23, 2004, Defendant Cynthia Alston conveyed all of her interest in Plaintiff's property to Defendant IM Investments. (Compl. Ex. C).  Plaintiff alleges she has paid the care and maintenance of the property, and all taxes toward her First Deed of Trust since April 8, 2004. (Compl. ¶ 33).  Upon default, Defendants brought eviction proceedings against Plaintiff from her home on or about April 2, 2004. (Compl. ¶ 25).

During the execution of the loan documents, Plaintiff alleges she did not receive any Truth in Lending disclosure forms as required by TILA 15 U.S.C. § 1635(a).  Plaintiff alleges Defendant failed to make all "material disclosures" in a form that Plaintiff could keep as defined and required by TILA, 15 U.S.C. § 1602(u), 1638, and Regulation Z §§ 226.17 and 226.18, including: the annual percentage rate; the amount financed; the finance charge amount; and the total payments.  (Compl. ¶ 27).

Since Defendants failed to provide required disclosure forms, Plaintiff alleges she retained a right to rescind the Mortgage until three years from the transaction, pursuant to 15 U.S.C. § 1635(f). (Compl. ¶ 29).  On June 7, 2005, Plaintiff notified Defendant of her right to rescind, pursuant to TILA (Compl. Ex. A).  Defendants have failed to return to the Plaintiff any money or property given by the Plaintiff to Defendant (Compl ¶ 32).

Defendant Cynthia Alston filed a Motion to Dismiss on August 30, 2005. The Morton Defendants filed a Motion to Dismiss on September 6, 2005.

Plaintiff filed a Motion for Partial Summary Judgment on October 14, 2005. The Morton Defendants responded on October 31, 2005. Their response includes a Motion to Strike Plaintiff's Motion for lack of conformity with Local Rule 56(b). On November 2, 2005, Plaintiff filed a Motion for Fed. R. Civ. P. 26(f) Compliance. Plaintiff has also filed a Motion to Strike the Morton Defendants' Response to Plaintiff's Rule 56 Motion.

II.

On a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), defendants may attack subject matter jurisdiction by contending that the complaint fails to sufficiently allege facts upon which a finding of subject matter jurisdiction can be based, or that the jurisdictional facts are untrue. King v. Riverside Reg'l Med. Ctr., 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In both situations, the burden is on the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

If the defendant asserts that the complaint fails to allege sufficient jurisdictional facts, then the facts alleged in the complaint are assumed to be true. King v. Riverside Reg'l Med. Ctr., 211 F. Supp. 2d at 780. "The court construes all facts in favor of the plaintiff, and it relies solely on the pleadings, disregarding affidavits or other materials." Id. (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). If, however, the defendant asserts that the jurisdictional facts are not true, "no presumption of truthfulness attaches to the allegations in the complaint, and the trial court must

weigh the evidence presented and evaluate for itself the merits of the jurisdictional claims." Id. (citing Arthur Young & Co. v. City of Richmond, 895 F.2d 967, 971 n.4 (4th Cir. 1990)).

Defendants argue that the allegations in the Complaint do not allege that any of the Defendants are creditors or assignees under the statute. In order for the Court to have jurisdiction over Plaintiff's Truth in Lending Act claims, ("TILA") Plaintiff must assert that Defendants are "creditors" within the statute. TILA requires a "creditor" to disclose certain credit terms to a borrowing consumer, including the amount of a finance charge and the annual percentage 15 U.S.C. § 1631(a) (1982).

Plaintiff does not sufficiently allege that the Morton Defendants, or Defendant Cynthia Alston are creditors as defined in TILA. A "creditor" is strictly defined in TILA as:

> one who both (1) regularly extends, whether in connection with loans, sales or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(f). Plaintiff does not allege that the Morton Defendants meet the two-part definition. She does not allege that Defendants regularly extend credit, nor that they were the persons to whom the debt was initially payable. Plaintiff's reliance solely on the last sentence of this section is inappropriate. The last sentence of 15 U.S.C. § 1602(f), states:

> Any person who originates 2 or more mortgages referred to in subsection (aa) of this section in any 12-month period or any person who originates 1 or more such mortgages through a mortgage broker shall be considered to be a creditor for purposes of this subchapter.[1]

---

[1] 15 U.S.C. § 1602(aa)(1) states: A mortgage referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction, or a transaction under an open credit plan . . ."

Regulation Z, which implements TILA, also defines "creditor" as:

> A person (A) who regularly extends credit (fn3) that is subject to a finance charge or is payable by written agreement in more than 4 installments (not including downpayment), and (B) to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no contract.

12 C.F.R. § 226.2(a)(17)(i) n.3.  Regulation Z makes clear that the language contained in the last sentence of § 1602(f) modifies the two part definition contained in § 1602(f), so that to be a "creditor" one must meet the two part test of: 1) regularly extending consumer credit, and 2) being the person to whom the obligation is initially payable.  A person can be considered to "regularly extend consumer credit" under part one of the two-part test only if it does the things described in the last sentence of § 1602(f).

The Federal Reserve Board Official Staff Interpretations of Regulation Z support this conclusion by clarifying that both parts of the two-part test must be met: the test for a "creditor" under § 226.2(a)(17)(i) "is composed of 2 requirements, both of which must be met in order for a particular credit extension to be subject to the regulation and for the credit extension to count towards satisfaction of the numerical tests mentioned in footnote 3 to § 226.2(a)(17)."  See Official Staff Interpretations, 12 C.F.R. Pt. 226, Supp. I, at § 226.2(a)(17).  The Supreme Court has stated that Federal Reserve Board staff opinions construing TILA and Regulation Z should be treated as dispositive unless demonstrably irrational.  See Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 565–68 (1980).  Accordingly, Plaintiff cannot solely rely on her interpretation of one part of 15 U.S.C. § 1602(f) to assert that the Morton Defendants are creditors under TILA.

Similarly, Plaintiff fails to sufficiently allege that Defendant Alston is a "creditor" within the meaning prescribed by TILA.  Plaintiff's allegations must provide factual support that Defendant meets both requirements of the definition of a creditor.  Plaintiff fails to do so.  She has failed to allege that Alston

regularly extends consumer credit as required by Regulation Z.  In addition, Plaintiff's allegation is insufficient since there are no facts in her Complaint supporting her allegation that Defendant Morton is a mortgage broker.

Since this Court has determined that the Plaintiff has not sufficiently alleged that Defendants Ivan Morton, C&M Investments, LLC and IM Investments, LLC, and Defendant Alston are "creditors" for purposes of TILA, and the disclosure and other requirements of TILA are only applicable to creditors, the Court does not have jurisdiction over the case.

III.

Plaintiff also seeks to impose liability upon the Morton Defendants under 15 U.S.C. § 1641(a) and (d) as "assignees."  15 U.S.C. § 1641(a) states that "any civil action for a violation [under TILA] which may be brought against a creditor, may be maintained against an assignee of such creditor."  Plaintiff's assertion relies on her allegations that Defendant Alston is a creditor.  Since Plaintiff has not sufficiently alleged that Defendant Alston is a creditor, she may not allege that Defendant IM Investments, LLC  is an assignee of a creditor.  Further, Defendant IM Investments received the Deed transfer *after* the property had been in default.  IM Investments purchased the Deed to the property which had been conveyed to Defendant Cynthia Alston.  Plaintiff does not sufficiently allege the property was "assigned" to Defendant IM Investments.

IV.

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's claim is hereby GRANTED, and Plaintiff's Complaint is DISMISSED.

Since this court is dismissing Plaintiff's Complaint, all other Motions are hereby MOOT.

/s/ JAMES R. SPENCER
UNITED STATES DISTRICT JUDGE

November 10, 2005
DATE